1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH SMITH,

11          Plaintiff,                    No. CIV S-11-2947 MCE GGH PS

12      vs.

13   CMF VACAVILLE MENTAL HEALTH
     DEPARTMENT EMPLOYEES,
14
            Defendants.            ORDER
15   _____/

16          Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

18   302(21), pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

20   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

21          The determination that plaintiff may proceed in forma pauperis does not complete

22   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

23   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.

26   \\\\\

                                               1

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8      A complaint must contain more than a "formulaic recitation of the elements of a

9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11  "The pleading must contain something more...than...a statement of facts that merely creates a

12  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15  v. Iqbal, 556 U.S.662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17  the court to draw the reasonable inference that the defendant is liable for the misconduct

18  alleged."  Id.

19     Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24     The court has reviewed the complaint and finds that it does not state a cognizable

25  claim for relief.  As best the court can discern, plaintiff alleges that defendants at CMF Vacaville

26  held him against his will at the mental health center there, and they failed to follow the Board of

Prison Terms' "orders of legit documentations."  Plaintiff alleges that these events occurred in March, 2001, and that he was illegally paroled in August, 2002.

The difficulty in unraveling plaintiff's allegations arises from plaintiff's having failed to provide, as required by Fed. R. Civ. P. 8(a)(2), "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."

Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (abrogated on another ground by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

Furthermore, the incident complained of in the complaint apparently took place in 2001, over ten years prior to the filing of the pending complaint in this court.  The statute of limitations for the bringing of a § 1983 action is governed by the forum state's statute of limitations for personal injury torts.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Fink v. Shelder, 192 F.3d 911, 914 (9th Cir. 1999).  Prior to January 1, 2003, the statute of limitations for personal injury torts in California was one year.  See former Cal. Civ. Proc. Code § 340(c). Thus, any § 1983 claim related to an event that occurred in 2001 would be barred by that one year statute of limitations.

Here, the complaint does not contain sufficient allegations to put defendants fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957);

Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Thus plaintiff must file an amended complaint in order to proceed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2. The complaint is dismissed for the reasons discussed above, with leave to file

4    an amended complaint within twenty-eight days from the date of service of this order.  Failure to

5    file an amended complaint will result in a recommendation that the action be dismissed.

6    DATED: January 6, 2012

7                                             /s/ Gregory G. Hollows
                                             UNITED STATES MAGISTRATE JUDGE

8    GGH:076/smith2947.amd.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26